SOPHIE JONES AND JOSEPH MARTIN JONES, BY SAID SOPHIE JONES, HIS MOTHER AND NEXT FRIEND

*v.*

STATE OF ILLINOIS.

*Opinion filed September 11, 1922.*

GOVERNMENTAL FUNCTION—*when State not liable.* The State in conducting the Illinois State Reformatory exercises a governmental function and is not liable for injuries sustained by its employees while in the discharge of their duty.

SAME—*State not liable for torts of inmates of its institutions.* The State is not liable for torts committed by inmates of its institutions.

SOCIAL JUSTICE AND EQUITY—*when award will be made.* Although the State is not liable, where the employee sustains an injury while in the performance of his duty, the Court will as an act of social justice and equity enter an award in favor of claimant.

Edward J. Brundage, Attorney General, for State.

This claim is presented by claimants on account of the killing of John S. Jones, an employee of the defendant at the Illinois State Reformatory at Pontiac, Illinois. The act complained of occurred at that institution on June 15th, 1922. It appears that the deceased was a young man about 38 years of age, able bodied and in excellent health at the time of his death. It further appears that he was employed at the Illinois State Reformatory about two years; that he was in charge of what is known as the "yard gang" at that institution, and while he was in charge of his duties an inmate of said institution named Corbridge, came upon Jones while Jones' back was turned and struck him a blow on the back of his head with an iron gas pipe. Jones fell to the floor and Corbridge hit him repeatedly upon the head, neck and face with the gas pipe and as the result of such assault, Jones expired shortly after the assault was made, and as a result of the assault.

The said deceased Jones left as his only heirs and next of kin Sophie Jones, his widow, and Joseph Martin Jones his minor child, who are the claimants in this cause.

The Attorney General appearing in behalf of the defendant and represents to this Court that there is no dispute about the material facts in this case, assuming however that a demurrer would be sustained. This Court is of the opinion that the demurer should be sustained and that the recommendation of this Court and its award herein, can only be considered as a matter of equity and social justice.

In this case it is uncontradicted that the employee Jones while in the employ of the State of Illinois and in the discharge of his duties, was engaged in a hazardous occupation, and as this Court has hereto-

fore announced, the State of Illinois desires to have faithful, efficient and courageous men in charge of the inmates of the various institutions of the State and should therefore accord the employes of the State Institution or their dependents the same consideration at least as is given to the employes of private corporations or individuals. However, it is the opinion of the Court that only under unusual circumstances should this Court depart from the rules of the Workmen's Compensation Act as a measure in the allowance of claims of this character against the State of Illinois. It is of course the belief of this Court that the element of social justice and equity is very prominent in this case and consequently it is our desire to be as liberal as the rules and circumstances will permit.

It is therefore the opinion of this Court that the demurrer of the defendant should be sustained but the Court in view of the principals of equity and social justice for the furtherance of which this tribune was established, is justified in recommending an allowance to the claimants in this case.

It is therefore recommended by this Court that a sum of two thousand five hundred dollars be allowed by the State of Illinois and paid to the legal guardian of the minor child Joseph Martin Jones for the exclusive benefit of said child and that the five thousand dollars be allowed and paid to Sophie Jones, widow in this case for her exclusive benefit.